IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDY L. HAYNES, | ) |
| Plaintiff, | ) 4:05cv3271 |
| vs. | ) MEMORANDUM AND ORDER |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al., | ) |
| Defendants. | ) |

    This matter is before the court on filing no. 6, the Motion to Dismiss filed by the plaintiff, Randy L. Haynes. Mr. Haynes states a desire to dismiss the above-entitled action because he cannot afford the filing fee. Unfortunately, because the plaintiff is a prisoner, the Prison Litigation Reform Act ("PLRA") made the plaintiff liable for the entire $250 filing fee once he filed his civil complaint, even if the case is voluntarily dismissed. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997): "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." Once the court grants a prisoner's motion to proceed in forma pauperis ("IFP"), the plaintiff remains liable for the full filing fee, and the fee is collected in installments by the plaintiff's institution under a formula established by Congress. See 28 U.S.C. § 1915(b).[1]

    The United States District Courts do not "keep" filing fees or use them in any fashion. Instead, upon receipt by the court, the fees immediately, as a matter of law, become the property of the U.S. Treasury. In addition, the Clerk of Court has to account for all filing fees to the Administrative Office of the United States Courts. See 28 U.S.C. § 751(e), which states: "The clerk of each district court shall pay into the Treasury all fees, costs and other moneys collected by him, except naturalization fees listed in section 742 of Title 8 and uncollected fees not required by Act of Congress to be prepaid. [The Clerk of Court] shall make returns thereof to the Director of the Administrative Office of the United States Courts under regulations prescribed by him."

    Previously, when this court has attempted to refund or reimburse prisoners for filing fees in different contexts, the Administrative Office of the United States Courts has refused to permit access to the U.S. Treasury for that purpose. Because of principles of sovereign

---

[1] If a plaintiff is not a prisoner, and the court grants in forma pauperis ("IFP") status, the plaintiff is relieved of the obligation for the filing fee. However, the same is not true for prisoners because of the Prison Litigation Reform Act ("PLRA").

1

immunity, no one, including the judges of this court, may draw on the U.S. Treasury absent legal authority to do so. This court is not empowered to remove filing fee funds from the U.S. Treasury in defiance of policy set by the Administrative Office of the United States Courts even if the court disagrees with such policy. Similarly, this court cannot defy Congress and order the plaintiff's institution to stop collecting the filing fee.

In summary, the plaintiff remains liable for the filing fee in this case, and his institution will continue to withdraw funds from his inmate trust account when funds become available. Given that reality, the plaintiff shall have an opportunity to withdraw his Motion to Dismiss. He may do so by filing a pleading on or before December 15, 2005, stating his intent to withdraw his Motion to Dismiss. However, if the plaintiff does not file a pleading withdrawing his Motion to Dismiss by December 15, 2005, the plaintiff's complaint and this action will be dismissed without prejudice.

SO ORDERED.

DATED this 22nd day of November, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge